

**SO ORDERED.**

**SIGNED this 23 day of June, 2009.**

_____
           **JAMES D. WALKER, JR.**
   **UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 08-50669-JDW |
| BETTY TARPLEY, | ) | |
| | ) | |
| DEBTOR. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

| | |
|---|---|
| For Debtor: | Jason M. Orenstein |
| | Post Office Box 4086 |
| | Macon, Georgia 31208 |
| | |
| For Discover: | Marc Taylor |
| | Post Office Box 3025 |
| | New Albany, Ohio 43054-3025 |

**MEMORANDUM OPINION**

This matter comes before the Court on Debtor's objection to claim. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtor Betty Tarpley filed a Chapter 13 petition on March 15, 2008. Discover Bank, a/k/a DFS Services, LLC, filed a proof of claim for $2,433.04, representing credit card charges made by Debtor. Debtor filed an objection to the claim alleging it is unenforceable based on expiration of the applicable statute of limitations. Discover filed a response including account statements from June 26, 2007, through May 26, 2008. The Court treated the response as an amended claim. The statements attached to the amended claim show Discover received a payment of $55 on January 25, 2008–less than two months prior to the petition date.

The Court held a hearing on Debtor's objection on May 19, 2009. Discover did not appear at the hearing, and Debtor offered no additional evidence. For the following reasons, the Court will overrule Debtor's objection and allow Discover's claim.

**Conclusions of Law**

Pursuant to 11 U.S.C. § 502(a) a claim is deemed allowed in the absence of an objection. However, the Court may disallow a claim, if it would be unenforceable outside of bankruptcy. United States v. Sanford (In re Sanford), 979 F.2d 1511, 1513 (11th Cir. 1992); 11 U.S.C. § 502(b)(1). "A proof of claim is considered prima facie evidence of the validity and amount of

the claim, creating a presumption in favor of allowance." In re LJL Truck Ctr., Inc., 299 B.R. 663, 666 (Bankr. M.D. Ga. 2003); Fed. R. Bankr. P. 3001(f). The party objecting to the claim bears the burden of rebutting its presumptive validity. Id.

In this case, Debtor argues the claim is unenforceable against her outside of bankruptcy because the applicable statute of limitations has expired. The Georgia Court of Appeals recently held that a credit card debt based on contractual agreement is subject to the four-year statute of limitations set forth in O.C.G.A. § 9-3-24. Phoenix Recovery Group, Inc. v. Mehta, 663 S.E.2d 290, 291 (Ga. Ct. App. 2008).

Discover's amended claim included account statements showing a payment on Debtor's account within three months of the bankruptcy filing. Debtor does not dispute the accuracy or authenticity of the statements, nor does she dispute that Discover actually received a payment on her account within the statute of limitations. Instead, she contends she made no payments directly to Discover in the four years prior to the bankruptcy filing. Instead, she made payments to a credit counseling service, which in turn paid Discover. Even assuming Debtor's mere allegations–which are unsupported by evidence–are true, they in no way rebut the validity of Discover's claim. On the contrary, her allegations indicate Debtor made payments within the statute of limitations period that were intended, at least in part, to repay Discover.

Because Debtor has failed to provide any evidence to rebut the presumptive validity of Discover's claim, the Court will overrule Debtor's objection.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT